Sidney **ROTHBERG**

v.

**NATIONAL BANNER CORPORATION,** Strathmore Securities, Inc., and Langley-Howard, Inc.

Civ. A. No. 38541.

United States District Court
E. D. Pennsylvania.

April 11, 1966.

Franklin Poul, Philadelphia, Pa., for plaintiff.

Harold B. Marcus, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER SUR DEFENDANTS' MOTION TO DISMISS THE ACTION (Document 5)

VAN DUSEN, District Judge.

This case comes before the court on the defendants' motion to dismiss the action (Document 5). The defendants contend that the action must be dismissed because the Complaint fails to state a claim upon which relief can be granted, F.R.Civ.P. 12(b) (6).

The Complaint alleges the following facts which must be accepted as true for the purposes of this motion:

Plaintiff, Sidney Rothberg, a resident of the Eastern District of Pennsylvania, has been the owner since 1963 of 40,000 shares of stock of the defendant National Banner Corporation, a Delaware corporation duly authorized and presently doing business in the Eastern District of Pennsylvania (paragraphs 1, 2 and 8).[1] The defendants, Strathmore Securities, Inc. and Langley-Howard, Inc. (hereinafter jointly referred to as "broker defendants"), are stockbrokers, registered and doing business in Pennsylvania with their principal places of business in Pittsburgh (paragraphs 3, 4 and 5).

The broker defendants have indirect control of the defendant, National Banner Corporation (hereinafter "National Banner") (paragraph 5). The broker defendants also own a portion of stock in National Banner and "make the market," since they are the only ones known to deal regularly in the stock and since it is virtually impossible to buy or sell such stock except through the broker defendants or persons represented by them (paragraphs 5 and 6). Many of the transactions in the shares of National Banner Corporation stock take place in interstate commerce and almost all such transactions involve the use of the mails (paragraph 7).

---

1. All references to paragraph numbers refer to paragraphs of the Complaint, filed as Document 1.

Since the early part of 1964, the defendants have been engaged in a conspiracy to manipulate the market in National Banner stock and to control the price at which all such shares of stock should be sold and publicly reported as sold (paragraph 9). National Banner's role in this conspiracy has been to refuse to permit the transfer of the plaintiff's stock on its books, while the broker defendants, for their part in the conspiracy, have refused to purchase or accept in consummation of purchase transactions shares which had ever been owned by the plaintiff (paragraph 10).

The plaintiff contends that the conspiracy to keep his shares off the market is a violation of the antitrust laws of the United States and also in violation of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 15, 22 and 78aa. Furthermore, the plaintiff alleges a violation of his rights as a shareholder at common law and under statutes of the State of Delaware (paragraph 11). The plaintiff seeks judgment in an amount of treble the price at which he could have sold his National Banner stock during the period of the conspiracy or, in the alternative, to have defendants enjoined from continuing the conspiracy and treble damages resulting from any decline in the value of his stock during the period of the conspiracy.

■ At the outset, it is noted that the plaintiff has alleged a common law cause of action for refusal to record transfer of shares. Kanton v. United States Plastics, Inc., 248 F.Supp. 353 (D.N.J., 6/1/65). Having alleged a good common law cause of action, dismissal of a plaintiff's claim would be appropriate only if the related federal causes of action[2] were "plainly wanting in substance." Hurn v. Oursler, 289 U.S. 238,

246, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Wood v. Precise Vac-U-Tronic, Inc., 192 F.Supp. 619, 620 (E.D.Pa.1961).

■■ The plaintiff has alleged facts in the present case which, if proven, would constitute a violation of the antitrust laws. The broker defendants have allegedly conspired with each other and with National Banner "to control the price at which all shares would be sold and publicly reported as sold" (paragraph 9) and to prevent the sale by the plaintiff of his shares (paragraph 10). In addition, it is alleged that defendant National Banner refused to transfer the plaintiff's shares on its books pursuant to the conspiracy. In the absence of any legally imposed restrictions,[3] a shareholder has the right to sell his shares at will, 18 C.J.S. Corporations § 388, and any conspiracy which prevents the alienability of shares of stock otherwise fully transferable constitutes a restraint of trade within the meaning of the antitrust laws, 15 U.S.C. § 1.[4]

■ Nor can the issue in the present case be considered "de minimis." As was said in the case of Klor's, Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 213, 214, 79 S.Ct. 705, 710, 3 L.Ed.2d 741 (1959):

"Monopoly can as surely thrive by the elimination of * * * small businessmen, one at a time, as it can by driving them out in large groups. In recognition of this fact the Sherman Act has consistently been read to forbid all contracts and combinations 'which "tend to create a monopoly,"' whether 'the tendency is a creeping one' or 'one that proceeds at full gallop.'"

The plaintiff in this case has alleged that his 40,000 shares of stock were worth $400,000. The sale of such a

2. Cf. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (U.S., March 28, 1966).

3. There is no evidence on the present record that the plaintiff's shares in this case were subject to any such restrictions.

4. This section provides:
   "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States * * * is declared to be illegal: * * *."

large number of shares might involve many transactions. Considering the number of transactions which could be involved here and the high value placed on the stock in the Complaint, the plaintiff's claim cannot be regarded as "de minimis" on the present record. Cf. Klor's, Inc. v. Broadway-Hale Stores, Inc., supra; Radiant Burners, Inc. v. Peoples Gas, Light & Coke Co., 364 U.S. 656, 81 S.Ct. 365, 5 L.Ed.2d 358 (1961); Sablosky v. Paramount Film Distributing Corporation, 137 F.Supp. 929 (E.D.Pa.1955).

The case relied on by the defendants, Rayco Manufacturing Company v. Dunn, 234 F.Supp. 593 (N.D.Ill.E.D.1964), is clearly distinguishable from the present case, since that case held, after factual analysis, that an intra-corporate conspiracy was not within the purview of the antitrust laws; where, as in this case, there has been an allegation (which must be taken as true for purposes of this motion) that at least three separate and distinct companies were involved in a conspiracy to block the sale of plaintiff's shares of stock and to rig the market. The allegation that the broker defendants have acquired "indirect control" (paragraph 5) of National Banner does not defeat the presumption that separate corporations are separate entities. Finally, there is insufficient proof on this record that the unlawful acts complained of could have been done by a single corporation acting alone.

Since the plaintiff has clearly alleged a cause of action under the antitrust laws, the Complaint cannot be dismissed at this time. There is, however, still considerable doubt as to whether the plaintiff has stated a cause of action under the Securities and Exchange Act. Since this question may be resolved as a result of further discovery, this matter may be further considered either at the time of the pre-trial conference or when a renewed motion for summary judgment, supported by appropriate affidavits, depositions, and/or interrogatories, is submitted to the court.

ORDER

And now, April 11, 1966, after hearing oral argument and after consideration of the briefs submitted and examination of the entire record, it is ordered that the motion to dismiss the action (Document 5) is denied.