■ In the Matter of BERNARD H. RISKIN, Appellant-Respondent, v. NATIONAL COMPUTER ANALYSTS, INC., Respondent-Appellant, et al., Defendant. — Judgment, Supreme Court, New York County, entered on March 19, 1970, is unanimously modified, on the law and the facts, to delete the fourth decretal paragraph which ordered that plaintiff shall not recover any damages from defendant and to substitute in place thereof a provision directing that plaintiff shall recover damages in the amount of $61,180 with interest from July 9, 1969 and as so modified, the judgment is affirmed. Plaintiff shall recover of defendant $50 costs and disbursements of this appeal. The cross appeal by defendant is dismissed as academic and abandoned. We agree with the trial court's finding that defendant's counsel "unreasonably withheld his opinion regarding the transfer of the 34,960 shares, for which a 'no action' letter was issued by the commission. NCA has failed to show any reasonable basis or give any valid reason for refusing to transfer such shares." There was ample support for such finding and a conclusion that the refusal to transfer the shares was motivated by bad faith. The trial court determined that nevertheless, the defendant should only be held liable for damages from the time it received the first response from the SEC confirming the "no action" letter. The response was not received until September 23, 1969 The trial court determined that the measure of damages would be the difference between the market price on September 23, 1969 and the market price at the time of trial. Since there was no difference in price on those two dates, damages were not awarded. However, we hold that since defendant acted out of bad faith from the very beginning that it was improper to in effect reward defendant for its delay. There was no acceptable explanation offered by the defendant as to why transfer of the shares could not have taken place at a date earlier in time than September 23, 1969. Indeed, the record shows that in partial reliance on the "no action" letter, defendant did permit a transfer on July 9, 1969 of 3,500 shares of restricted stock belonging to the plaintiff. We can see no valid reason why at least by that date defendant did not agree to a transfer of the 34,960 shares involved herein. On that date, it appears that the value of the stock was $9.50 per share. At the time of trial, the price per share was $7.75. Accordingly, damages should have been awarded at the rate of $1.75 per share for the 34,960 shares and the judgment should be modified accordingly. Settle order on notice. Concur — Markewich, J. P., Kupferman, Murphy, McNally and Tilzer, JJ. [62 Misc 2d 605.]