Justin GASARCH, Plaintiff,

v.

ORMAND INDUSTRIES, INC. and Morgan Guaranty Trust Company of New York, Defendants.

No. 72 Civ. 959.

United States District Court,
S. D. New York.

Aug. 17, 1972.

Seymour J. Shyman, New York City, for plaintiff; by Lawrence A. Cohen, New York City, of counsel.

Squadron, Gartenberg, Ellenoff & Plesent, New York City, for defendants; by Theodore Ellenoff and Harvey Horowitz, New York City, of counsel.

POLLACK, District Judge.

The defendant Ormand Industries, Inc., a Delaware corporation, seeks to dismiss the complaint on the ground that the Court has no personal jurisdiction over it in this diversity action.

The plaintiff is the holder of legended and restricted stock issued by Ormand. Seeking an exchange of his shares for a like amount of unlegended and unrestricted shares, plaintiff presented his certificates accompanied by a "no-action" letter issued by the Securities and Exchange Commission in respect to

552

plaintiff's shares, to the New York transfer agent for Ormand stock, the defendant Morgan Guaranty Company. Morgan, on instruction from Ormand, refused to exchange plaintiff's stock for unlegended shares on Ormand's agreement to indemnify Morgan for any loss sustained by reason of this refusal.

Plaintiff seeks in this suit to obtain injunctive relief and damages against Morgan and Ormand. The defendant Ormand contends on this motion that it does not do business in New York and consequently may not be sued here. The defendant Morgan has not pleaded as yet to the complaint.

The complaint states a sufficient claim for relief under New York law against the defendant Morgan for wrongful failure to transfer plaintiff's shares. It has been held in New York that submission by a shareholder of an SEC "no-action" letter along with the restricted shares covered by that letter, requires the corporation and its transfer agent to transfer those shares absent a valid reason not to do so. Riskin v. National Computer Analysts, Inc., 37 A.D. 2d 952, 326 N.Y.S.2d 419 (1st Dept. 1971), aff'g 62 Misc.2d 605, 308 N.Y.S. 2d 985 (N.Y. Co. 1970) (Gold, J.); Donlon Ventures, Inc. v. Aven, Inc., (N.Y. Co. 1967) (Spector, J.) in 158 N.Y.L.J. July 10, 1967 at 10, Col. 4; Friedman v. Chemical Bank, (N.Y. Co. 1965) (Carney, J.) in 153 N.Y.L.J., April 13, 1965 at 14, Col. 7. Accord: Kanton v. United States Plastics, Inc., 248 F.Supp. 353 (D. N.J. 1965); Rothberg v. National Banner Corp., 259 F.Supp. 414 (E.D. Pa. 1966). No reason other than the restriction endorsed on the shares has been furnished to warrant refusal of the requested transfer.

A breach of the duty to transfer entitles the shareholder to an order requiring performance and to damages measured by the difference, if any, between the price of the shares at the time of the breach and the price prevailing at the time of trial. *Id.*

In the *Kanton* case, which involved remarkably similar facts to those at Bar, the Court determined that a wrongful refusal to transfer stock is in essence a conversion and that the right of action therefor arises in the locale where the instructions to refuse transfer, given by a non-domiciliary to a local agent, were intended to be, and are in fact, carried out. 248 F.Supp. at 356, 360.

CPLR § 302 provides that a Court may exercise personal jurisdiction over any non-domiciliary who through an agent commits a tortious act within the state.

No state or federal case construing CPLR § 302 has been found dealing with the precise issue of imputing a wrongful refusal of a transfer agent to its non-domiciliary principal. But it has been held that where a foreign corporation requests purposeful acts by a person in New York for the benefit of the foreign corporation, then the foreign corporation is amenable under CPLR § 302 to suit by a third party injured by those acts, even where the local agent is not the exclusive agent of a foreign principal. Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970); R.F.D. Group Limited v. Rubber Fabricator's Inc., 323 F.Supp. 521 (S.D.N.Y. 1971) (Lasker, J.); cf. Orient Mid-East Lines, Inc. v. Albert E. Bowen, Inc., 297 F. Supp. 1149 (S.D.N.Y. 1969) (Tyler, J.).

Whether or not Ormand personally entered New York to confer with Morgan is not material to the issue to be decided here. In *Parke-Bernet Galleries* the Court "emphasized" that "one need not be physically present in order to be subject to the jurisdiction of our courts under CPLR 302 for, particularly in this day of instant long-range communications, one can engage in extensive purposeful activity here without ever actually setting foot in the State." 26 N. Y.2d at 17, 308 N.Y.S.2d at 340, 256 N. E.2d at 508.

Section 1301 of the New York Business Corporation Law, McKinney's Con-

sol. Laws, c. 4, provides in pertinent part:

(a) A foreign corporation shall not do business in this state until it has been authorized to do so as provided in this article. . . .

(b) Without excluding other activities which may not constitute doing business in this state, a foreign corporation shall not be considered to be doing business in this state, *for the purposes of this chapter*, by reason of carrying on in this state any one or more of the following activities: . .

(4) Maintaining offices or agencies only for the transfer, exchange and registration of its securities, or appointing and maintaining trustees or depositories with relation to its securities.

(c) *The specification in paragraph (b) does not establish a standard for activities which may subject a foreign corporation to service of process* under this chapter or any other statute of this state.

(Emphasis supplied)

In Librairie Hachette, S. A. v. Paris Books Center, Inc., 62 Misc.2d 873, 309 N.Y.S.2d 701 (N.Y. Co. 1970) (Baer, J.), involving a contract action by a foreign publisher against a local importer, the Court rejected defendant's claim that the plaintiff could not maintain the action because it had been "doing business" in New York without authorization under the Business Corporation Law. The Court stated:

While a foreign corporation may be considered as present within the State for the purpose of obtaining jurisdiction over it, such a determination does not necessarily carry the conclusion that the corporation is "doing business" within the State to the extent of requiring compliance with Section 1312 of the Business Corporation Law (see International Text Book Co. v. Tone, 220 N.Y. 313, 115 N.E. 914). 62 Misc.2d at 874–5, 309 N.Y.S.2d at 703.

In light of the plain language of the exclusionary clause, § 1301(c), and the *Hachette* case, it is obvious that the defendant's contention that § 1301 precludes personal jurisdiction over it is without merit. Whether Ormand is "doing business" in New York is not the decisive consideration under CPLR § 302.

Due process requires that in order to be amenable to suit a foreign corporation "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The test is qualitative rather than quantitative. Beja v. Jahangiri, 453 F.2d 959 (2d Cir. 1972).

When the due process test was applied to facts closely similar to the ones alleged in the instant case, the Court in Kanton v. United States Plastics, Inc., 248 F.Supp. 353 (D. N.J. 1965), held that the Constitution was not offended by asserting jurisdiction over the non-domiciliary corporation which, by correspondence, ordered its local transfer agent not to reissue non-restricted shares. Thus, holding Ormand amenable to suit in this Court would not deprive it of its right to due process or substantial justice.

Accordingly, the wrongful refusal to transfer is a tortious act which under CPLR § 302 may be imputed to Ormand rendering it amenable to suit in New York thereon. The purpose of CPLR § 302 was to expand the jurisdiction of courts beyond the "doing business" limit to embrace non-residents who have engaged in purposeful activity in connection with the matter in suit. This was a permissible extension under the Due Process clause. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); see Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965).

The motion of the defendant Ormand to dismiss the complaint as to it is in all respects denied.

So ordered.