■ TYCODYNE INDUSTRIES CORPORATION et al., Respondents, v INTERNATIONAL SCANNING DEVICES, INC., et al., Appellants.—Judgment insofar as it grants partial summary judgment against appellant Moran unanimously reversed, without costs, and complaint dismissed as to appellant Moran, and otherwise judgment affirmed as against appellant International Scanning Devices, Inc., without costs. Memorandum: Special Term properly granted

partial summary judgment against appellant International Scanning Devices, Inc. (Scanning). On a prior appeal involving the same issue we affirmed the same disposition affecting fewer shares of respondents' common stock (42 AD2d 691). The court erred, however, in denying appellant Moran's motion to dismiss the complaint as against him. The only allegations in the complaint relating to appellant Moran assert that he is a duly licensed attorney and counsel for Scanning. The record is devoid of any allegation or evidence that Moran is an officer, director, transfer agent, shareholder or employed in any capacity other than as "corporation counsel" of Scanning. We recognize that if as counsel for Scanning, the issuer of restricted securities, Moran had unreasonably withheld a required legal opinion, he might well be joined as a defendant *(Matter of Riskin v National Computer Analysts* 37 AD2d 952, modfg on other grounds 62 Misc 2d 605). In the instant case, the issuer's restrictive stock legend does not require the issuer's counsel to give an opinion in the first instance. Even if this were not true the Securities Exchange Commission's "no action" letter obviates the necessity for an opinion letter. The complaint fails to state a cause of action against appellant Moran and is, therefore, dismissed. (Appeals from judgment of Erie Special Term in action for stock and for money damages.) Present—Cardamone, J. P., Simons, Goldman, Del Vecchio and Witmer, JJ.