■ In the Matter of the Estate of ISOBEL T. O'BRIEN, Deceased. SUN FIRST NATIONAL BANK OF DELRAY BEACH, as Executor of CLAYTON FARRIS, Deceased, Appellant; EUGENE R. McKENNA, as Executor of ISOBEL T. O'BRIEN, Deceased, Respondent.—Order, Surrogate's Court, New York County, entered March 26, 1976, denying motion to dismiss the petition and vacate the discovery order, is unanimously reversed on the law, without costs and without disbursements, and the matter remanded for a hearing, with incidental disclosure proceedings, if necessary, on the issue of jurisdiction. The proceeding is "to discover property withheld" under SCPA 2103. It is essentially a proceeding to compel appellant (respondent in the Surrogate's Court) to deliver to petitioner, executor of the will of Isobel T. O'Brien (hereinafter the "decedent") certain securities held by appellant or to pay the value thereof and, as such, it is the Surrogate's Court equivalent of an action to recover property-replevin. *(Matter of Sichel,* 162 Misc 2, 4; *Matter of Courtade,* 172 Misc 1078, 1079.) Appellant is a Florida bank and is the

executor of a deceased domiciliary of Florida, one Farris. It is alleged that Farris wrongfully obtained from decedent certain securities. The securities sought to be recovered are in the physical possession of appellant bank in Florida. The constitutional limitations on the territorial jurisdiction of a State court apply to the Surrogate's Court as they do to all other courts. Jurisdiction is not claimed to be based upon the presence of either appellant or the property in New York, nor was service effected in New York. While decedent's will provides for a legacy of $100,000 to Farris, that legacy has not been paid nor have any proceedings been taken which would make that legacy a basis of *quasi in rem* jurisdiction for this proceeding. The apparent basis of jurisdiction, recited in the order appealed from, is that the alleged wrongdoing of Farris "in obtaining $200,000.00 of the securities of Isobel T. O'Brien occurred in the State of New York." If substantiated, this would presumably bring into play the SCPA version of the long-arm statute, SCPA 210 (subd 2, par [a]). But the record contains no substantiation for this allegation. Perhaps this allegation is implicit in the affirmation of petitioner's attorney; but he plainly has no knowledge of the facts nor does he submit any supporting evidence. However, the contest being between the executors of two decedents, it is not surprising if neither one has knowledge of the facts as to the transactions between their decedents. This seems to be an appropriate case to permit petitioner to conduct disclosure proceedings to enable the parties to gather evidence which they can present to the Surrogate's Court as to whether the alleged wrongful transaction took place within the State of New York or, whether, indeed, there is any other basis for jurisdiction. (See *Peterson v Spartan Ind.,* 33 NY2d 463, 467.) Concur— Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.