OPINION OF THE COURT
C. Raymond Radican, J.
In this discovery proceeding, a question has arisen concerning the jurisdiction of this court over the respondent, who was domiciled in New York for approximately 45 years and is currently a Florida domiciliary.
The petitioner, Katherine Cooke, is the executrix of the estate of her husband, Benjamin Cooke. She alleges that the respondent, William Mueller, is in possession of certain securities and dividends which are assets of the estate. A proceeding was commenced in the United States District Court, Eastern District, between the same parties in which the executrix alleged that the respondent violated certain criminal statutes in connection with securities transactions. Apparently, following the hearing in this matter, a judgment was rendered against Mr. Mueller in the Federal proceeding. It was stipulated by and between the parties that the examination before trial of Mr. Mueller in the Federal proceeding would be made a part of the pretrial discovery in this proceeding, and portions of his depositions as well as the deposition of an accountant were offered in evidence at a preliminary hearing to determine jurisdiction.
*168 The respondent’s answer to the claim contains a general denial and affirmative defenses of lack of jurisdiction in personam, Statute of Limitations, and the pendency of a proceeding in Federal court (now terminated).
A motion for summary judgment was made by the petitioner and opposed by Mr. Mueller on the ground that the petitioner had failed to establish a basis for jurisdiction in personam. The petitioner contended that since the respondent had asserted his Fifth Amendment privilege against self incrimination at his deposition and thereby prevented the petitioner from discovering facts which would establish a jurisdictional basis, he should be estopped from raising lack of jurisdiction as a defense.
In a decision dated June 16, 1981 (Matter of Cooke, NYLJ, June 19, 1981, p 14, col 6), this court determined that while the respondent assumed the risk of defeat on a motion for summary judgment by asserting his Fifth Amendment privilege, it was nevertheless the petitioner’s burden to establish evidentiary facts in support of her motion for summary judgment including the jurisdictional predicate. It was further determined that the affidavit of the petitioner’s attorney stating that “upon information and belief” the securities in question are located in a New York bank, was insufficient to establish jurisdiction. The motion for summary judgment was therefore denied, without prejudice, and a hearing was directed to resolve the jurisdictional issue. At the conclusion of the hearing the petitioner renewed her motion for summary judgment.
During the course of the hearing, the executrix testified that in September, 1980, at a meeting in New York, the respondent informed her that the securities in question were located in a bank in New York, and that he “checked” them periodically. She further testified that at the meeting the respondent refused to turn over possession of the securities but nevertheless agreed to sign statements acknowledging that they were the property of the estate and also agreed to forward information regarding the securities to the executrix through an accountant in New York. This testimony was not refuted by the respondent.
The respondent also alleges that this court lacks subject matter jurisdiction, although he did not raise this as a *169 defense in his answer nor in opposition to the motion for summary judgment.
Pursuant to SCPA 2103 this court has jurisdiction of a proceeding commenced by a fiduciary to discover property or money belonging to an estate. The turnover of securities alleged to be an asset of the estate is a proper subject for a discovery proceeding (see, e.g., Matter of O’Brien, 54 AD2d 880). The dividends from the securities would constitute a “fund” and would therefore come within the ambit of SCPA 2103 (see, e.g., Matter of Young, 80 Misc 2d 937). The court therefore concludes that it has subject matter jurisdiction of this proceeding.
Turning next to the question of in personam jurisdiction, the petitioner contends that the refusal of the respondent, while physically in New York, to turn over the securities, coupled with other transactions within the State, constitutes a basis for jurisdiction. In support of her position the petitioner cites Matter of O’Brien (supra) in which it was determined that the allegation of a wrongful taking of securities in New York, if factually supported, would be sufficient to confer jurisdiction over the executor of a nondomiciliary.
The respondent contends that (1) Matter of O’Brien (supra) is inapplicable since it involves the wrongful taking of securities in New York in the first instance rather than a refusal to deliver them upon request, (2) the alleged request made by the petitioner for delivery was not a sufficient “demand” to support a cause of action for conversion, and (3) if indeed a demand and refusal occurred the refusal must be imputed to the respondent at the place of his domicile.
Turning first to that part of the respondent’s argument which focuses on the sufficiency of the “demand” it is true that a demand and refusal to convey property is often necessary to sustain an action for conversion (see, generally, 18 Am Jur 2d, Conversion, § 63). However, assuming a demand was necessary to sustain the cause of action, the legal sufficiency of the demand would be an ultimate determination for the court. The petitioner would not be required to prove her cause of action for jurisdictional *170 purposes (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443).
More importantly, however, the respondent’s argument overlooks the fact that the instant proceeding is one for discovery pursuant to SCPA 2103 and not an action for conversion. The purpose of a discovery proceeding is merely to effectuate the delivery to the estate of property which is an asset of the estate, not to determine personal liability for the commission of a tort.
In order to invoke the jurisdiction of the Surrogate’s Court pursuant to SCPA 210 it is not necessary to allege that a tort has been committed within the State (cf. CPLR 302, subd [a], par 2). It is sufficient that the respondent was responsible for an “act or omission” within the State, from which the cause of action arises. The focus in the present case is on the refusal of the respondent to turn over the property in question. In some cases, it has been held that thé failure to deliver property to the plaintiff, which delivery should have taken place in the State of New York, is insufficient, standing alone, to confer jurisdiction (Schenin v Micro Copper Corp., 272 F Supp 523). However, where a refusal itself takes place in New York, this is sufficient to confer jurisdiction (Gasarch v Ormand Inds., 346 F Supp 550).
In the present case, there is not only an allegation of a refusal to transfer property to the petitioner in New York, which refusal allegedly took place in New York, but unrefuted testimony that the property is retained in New York under the control of the respondent. These transactions are sufficient to confer jurisdiction in personam pursuant to SCPA 210 (subd 2, par [a]). All the facts before the court relating to the fiduciary’s attempt to gather information and effectuate delivery of the property point to New York as the center of activity. Even if the directions with respect to the property originate from the respondent’s domicile, the retention of the securities in a bank in New York is an act performed within the State. One can engage in activity within the State without actually setting foot in it (Parke-Bernet Galleries v Franklyn, 26 NY2d 13). There is no legal basis for the respondent’s contention that an act committed *171 in this State by a nondomiciliary must be deemed, as a matter of law, to have been committed at his domicile.
With respect to the deposition of Mr. Mueller dated March 9, 1981 and that of Mr. Solas dated June 22, 1981, the respondent’s objections are overruled. The fact that Mr. Mueller raised his Fifth Amendment privilege does not affect the admissibility of parts of his deposition. It is noted, however, that the unrefuted Testimony of Mrs. Cooke, standing alone, establishes jurisdiction and that the parts of the deposition of Mr. Solas and Mr. Mueller and accompanying exhibits which were received in evidence are not essential to the finding of personal jurisdiction over Mr. Mueller.
Accordingly the court finds that it has both subject matter jurisdiction and jurisdiction in personam of William Mueller pursuant to SCPA 210 (subd 2, par [a]).
On the present state of the record, it is unclear whether the subject of the Federal proceeding is identical to that in this proceeding. There is now before this court a motion for an order granting summary judgment. The petitioner is granted leave to move, within 20 days of the order following this decision, for an order granting summary judgment on the additional grounds of collateral estoppel in that the Federal judgment is conclusive proof of facts which are at issue in this proceeding. However, if the issues herein are identical to the Federal proceedings then the judgment there would be dispositive of the issues herein and the respondent may make a motion, within 20 days of the order following this decision for an order dismissing this proceeding pursuant to CPLR 3211 (subd [a], par 5).