OPINION OF THE COURT
Renee R. Roth, S.
This is an application by the surviving spouse to determine the scope of her elective share.
Testator, Leander Economides, died in 1981 survived by his wife Susan and three children from a prior marriage. Under testator’s will, the widow receives the contents of their apartment, an automobile and 25% of the residuary estate. As these dispositions do not amount to one third of decedent’s estate, the widow filed a right of election. Her right to elect against the will is not contested. However, Mrs. Economides has requested that the court determine whether the value of decedent’s real property situated in New Jersey and specifically devised by testator to his daughter should be included in computing the net estate from which the amount of her one-third share is to be determined.
The applicable statute, EPTL 5-1.1 (d) (8) provides: “The decedent’s estate, against which a right of election * * * may be asserted, shall not include any real property of the decedent situated outside [the] state.”
This provision has an interesting but unilluminating legislative history.
*880 The original elective share statutes, Decedent Estate Law §§ 18-a, 18-b (later enacted as EPTL 5-1.1 [L 1966, ch 952]), did not contain any such exclusion pf real property. In 1964 when the Bennett Commission was drafting its proposals to enlarge a spouse’s elective rights, it circulated these proposals among the various Bar Associations. No suggestion was made by any group to exclude decedent’s out-of-State real property. However, a related recommendation was made by the Committee on Surrogate’s Courts of the Association of the Bar of the City of New York that the proposed statute apply solely to the estates of New York domiciliaries or to domiciliarles of other States who specifically elect to have their wills governed by New York law.
In adopting this recommendation, the Commission commented that there was no apparent reason why “we should * * * impose our views upon non-residents * * * merely because in this transitory society they happen to leave property * * * here” (Fourth Report of Temporary State Commn on Estates, at 150 [1965]).
Curiously, although no organization made any recommendation for inclusion or exclusion of the out-of-State real property of a New York domiciliary, the Bennett Commission also observed that: “Present law, though there is some authority to the contrary, apparently requires that when a New York domiciliary dies all of his property both real and personal and wherever located is taken into consideration for the purpose of computing the amount of the elective share. (Matter of Ellis, 30 Misc. 2nd. 225; Matter of Harris, 150 Misc. 758.) Whether the spouse will be charged with or be able to elect against real property in another jurisdiction depends on the law of the situs. There is no intention to change this concept.” {Ibid.; emphasis added.)
The balance of the comment indicates the Commission’s awareness that the inclusion of out-of-State real property in the computation of the elective share could create problems. For example, the apportionment provision (EPTL 5-1.1 [d] [3]) required that each beneficiary under decedent’s will or of a testamentary substitute contribute proportionately to make up any deficit in the elective share of the surviving spouse. If New York real property is specifically devised, there is considerable inconvenience under existing law in enforcing contribution from the devisee. Where the real property is located outside the State, if the devisee doesn’t voluntarily cooperate, there is no means to enforce compliance.
Nevertheless, consonant with the above-quoted observation, the resulting statute required that decedent’s out-of-State real *881 property be included in computing the amount of the elective share (Decedent Estate Law §§ 18-a, 18-b, as added by L 1965, ch 665; EPTL 5-1.1, as added by L 1966, ch 952).
The Bennett Commission terminated its activities in 1967; however, some bills were thereafter introduced in 1968 by one of its members. One of these bills became the provision which is at issue in this proceeding, namely, EPTL 5-1.1 (d) (8).
Although the bill changed existing law, there is no explanatory memorandum from the sponsor nor from the Bennett Commission nor did any debate accompany its passage.
Whatever prompted this amendment, the quoted provision is the law of this State binding upon this court until changed by the Legislature.
The widow additionally contends that New Jersey, in determining the elective share of a spouse of a New Jersey domiciliary, includes the decedent’s out-of-State real property (NJ Stat Ann § 3B:8-1). It would appear that this construction is correct since neither the cited statute nor any New Jersey decision excludes such out-of-State real property.
But this statute is of no assistance to the surviving spouse of a New York domiciliary, because another New Jersey statute (NJ Stat Ann § 3B:8-2) specifically provides: “If a married person not domiciled in this State dies, the right, if any, of the surviving spouse to take an elective share in property in this State is governed by the law of the decedent’s domicile at death.” (Emphasis added.)
Since the decedent was concededly a domiciliary of New York at the time of his death, his widow’s right to elect against real property located in New Jersey is under the above-quoted statute governed by New York law.
The widow contends that a literal application of EPTL 5-1.1 (d) (8) would frustrate the legislative intent to secure for a surviving spouse a share of not less than one third of the value of the net estate and that the court should exercise its discretionary power to include the value of the out-of-State realty where a right of election is also provided under the laws of the situs.
As discussed earlier, New York law specifically provides that the value of out-of-State real property does not enter into the computation of the elective share of the surviving spouse (EPTL 5-1.1 [d] [8]). This court does not have any discretionary power to alter the clear direction of this provision. It is the law of this State.