■ In the Matter of the Estate of MARION D. BRUNO, Deceased. GEORGE P. BRUNO, Respondent; DONALD L. DREW, Appellant.—Mikoll, J. Appeal from a decree of the Surrogate's Court of Chemung County (Danaher, Jr., S.), entered February 24, 1986, which adjudged that Surrogate's Court had jurisdiction over the parties and ruled that petitioner was entitled to take an elective share of decedent's joint bank account.

Decedent, Marion D. Bruno, died intestate in New York on February 22, 1983. She made no testamentary disposition to provide for petitioner, her husband of 59 years, who survived her. Prior to her death, decedent had maintained a joint bank account with her mother with the right of survivorship in a bank in Pennsylvania. Subsequent to the death of decedent's mother in 1976, decedent placed funds in a joint bank account in Pennsylvania in her and respondent's name with the right of survivorship.

Decedent came to be hospitalized in New York for 9 or 10 days immediately before her death. During this time, respondent, who was her brother, visited her twice a day. Approximately two days before decedent's death, a nurse at the hospital gave decedent's rings to respondent's wife and decedent's purse to respondent. These items were then offered to petitioner who told respondent to hold them until he wanted them. They were turned over to petitioner at decedent's funeral. After decedent's death, respondent withdrew $40,543 from the joint account. Petitioner obtained letters of administration to decedent's estate. He exercised his right of election under the EPTL and filed notice of the election with Surrogate's Court.

Petitioner brought this proceeding in Surrogate's Court to determine the validity and effect of his election. Respondent moved to dismiss the petition for lack of personal jurisdiction. The court issued a decree finding that it had jurisdiction over respondent and validated petitioner's election. This appeal by respondent followed.

There should be a reversal and the petition dismissed. Surrogate's Court erred when it ruled that it had in personam jurisdiction over respondent under CPLR 302 (a) (1).

We find no merit to petitioner's contention that respondent's contacts with New York (18 or 20 visits to his dying sister at the hospital and the temporary possession of his sister's two rings and purse) are sufficient to serve as a basis for long-arm jurisdiction. CPLR 302 (a) (1) provides for the exercise of long-arm jurisdiction if the defendant transacts any business in New York and the claim arises out of that transaction of business *(see, Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 457, *cert denied sub nom. Estwing Mgf. Co. v Singer,* 382 US 905). Personal jurisdiction is not properly obtainable under this provision unless a substantial relationship between the claim and the transaction in New York is established *(see, McGowan v Smith,* 52 NY2d 268, 272).

The instant claim concerns petitioner's right of election against a joint bank account in Pennsylvania in respondent's and decedent's names with the right of survivorship. Decedent had opened the account in Pennsylvania. No relationship has been established between respondent's visits to decedent and petitioner's claim. The joint account predated respondents' visits. Accordingly, no long-arm jurisdiction was ever acquired in this case.

Since we have found no personal jurisdiction, we do not reach the issue of whether the exercise of jurisdiction by Surrogate's Court over respondent violated constitutional due process requirements. There is also no basis for the exercise of personal jurisdiction by Surrogate's Court over respondent under SCPA 210 (2) (a) and (b).

Decree reversed, on the law, with costs, and petition dismissed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.