OPINION OF THE COURT
John M. Thomas, S.
This petition brought by Indumati Roy, as the surviving *293 spouse of the decedent, Prabir Roy, seeks a determination of the validity and effect of her election to take against the last will and testament of Prabir Roy pursuant to EPTL 5-1.1.
Prabir Roy died December 15, 1986, leaving a last will and testament admitted to probate by this court on March 2, 1987, which left one half of the net estate to his brother, Tapón Roy, one fourth to his sister, Sunanda Fusco (now McGarvey), and one fourth to his three infant nieces, Joya Roy, Maya Roy and Anjoli Roy, and nothing to his surviving spouse the petitioner herein, Indumati Roy. No funds have been advanced or paid to any of the beneficiaries of the will by the estate.
The petitioner, Indumati Roy, timely filed her right of election on June 15, 1987 and now pursuant to SCPA 1421 seeks the determination as to its validity and effect.
Approximately three years prior to his death, the decedent in the midst of a divorce action with the petitioner (which was never concluded prior to his death) made seven $10,000 gifts to members of his family, Bani Roy, Tapón Roy, Sunanda McGarvey, Subir Roy, Joya Roy, Maya Roy and Anjoli Roy, who were all, and still remain, nondomiciliaries. Additionally, the decedent established two joint bank accounts in the name of Sunanda McGarvey, one in the Union Bank of California with an approximate date of death balance of $23,700 and one in the First Federal Savings and Loan in New York with a date of death balance of approximately $2,600. The petitioner contends that the seven $10,000 gifts were gifts causa mortis, and therefore testamentary substitutes to be included in the determination of her elective share pursuant to EPTL 5-1.1 (b) (1) (A). She also contends that the proceeds of the joint bank accounts are testamentary substitutes pursuant to EPTL 5-1.1 (b) (1) (C).
It is acknowledged by all parties that the recipients of the gifts and the surviving joint tenants of the bank accounts are all nondomiciliaries. The respondents in their answer to the petition now before the court therefore contend that the court lacks in personam jurisdiction and seek dismissal of the proceeding.
The petitioner while acknowledging that the respondents have not transacted any business within New York that would bring them under the long-arm jurisdiction of CPLR 302 maintains that there is a basis for in personam jurisdiction under the provisions of SCPA 210 (2) (b). This subdivision of section 210 provides "[t]he receipt and acceptance of any *294 property paid or distributed out of and as part of the administration of an estate subject to the jurisdiction of the court shall constitute a submission by such recipient to the jurisdiction of the court as to any matter concerning the payment or distribution, including proceedings for the recovery thereof.” This statute is a child of the Bennett Commission and subdivision (2) (b) was conceived for the purpose of conferring in personam jurisdiction on nondomiciliaries who have received estate property. (See, Fifth Report of Temporary State Commn on Modernization, Revision and Simplification of Law of Estates, 1966 Legis Doc No. 19, Appendix M, at 1061.) Section 210, as a whole, is utilized principally in discovery proceedings under SCPA 2103 where a person wrongfully withholds property belonging to the estate (see, Matter of Cooke, 112 Misc 2d 167), or where the estate has overpaid a beneficiary and seeks the return of such property (see, Matter of Casey, 145 AD2d 632). In each of these instances, and indeed in the cases which the petitioner cites in her memorandum, there is that "jurisdictional predicate” of property belonging to the estate which triggers the action of the statute. See Matter of MacElroy (58 Misc 2d 93) which entails stocks and bonuses paid out as a part of the administration of the estate, Matter of Casey (supra) which was an action to recover funds erroneously paid to an out-of-State beneficiary, and Matter of Chodikoff (54 Misc 2d 785) involving continuing jurisdiction over a residuary beneficiary against whom contribution was sought for estate taxes and attorney’s fees. The petitioner has been unable to cite a single case in which the mere fact that a nondomiciliary was named a beneficiary in a will supplied the required jurisdictional predicate to invoke the provisions of SCPA 210 (2) (b). Because of this lack of precedent, petitioner seeks to prevail upon the court to analyze and reevaluate the Commission’s and Legislature’s intent in the creation of the statute. Section 210 is not a new statute having been enacted by chapter 953 of the Laws of 1966. One could therefore conclude, as this court does, that the reason for lack of such precedent for the petitioner’s contention is that it is incorrect. The statutory language of section 210 (2) (b) is clear and unambiguous; first there must be "receipt and acceptance of property * * * distributed * * * as part of the administration of an estate” (emphasis added). Being named as a beneficiary alone, without further transactions, does not rise to the level of receipt or acceptance of property, and even the petitioner does not strongly contend that testamentary substitutes are *295 estate property. The law is unequivocal that testamentary substitutes are creatures of statute and are utilized solely for the purpose of computing the elective share. (See, Matter of Handler, 82 Misc 2d 482.) The second portion of subdivision (2) (b) limits the jurisdiction of the court to "any matter concerning the payment or distribution, including proceedings for the recovery thereof’ (emphasis added). Again, the facts of this case fail to meet the requirements of the statute since the petition before the court seeks jurisdiction over recipients of testamentary substitutes.
Controlling as to in personam jurisdiction is the decision of the Third Department in 1987 in Matter of Bruno (126 AD2d 845, lv denied 69 NY2d 610). In that case, a surviving spouse sought to attack a joint bank account in Pennsylvania as a testamentary substitute. The Appellate Division in reversing the lower court held that there was no jurisdiction over the respondent under CPLR 302 (a) (1) (even though the respondent had visited the decedent in her hospital room on many occasions prior to her death and additionally had temporary possession of some of the decedent’s personal effects), stating (at 846) "[p]ersonal jurisdiction is not properly obtainable under this provision unless a substantial relationship between the claim and the transaction in New York is established”, citing McGowan v Smith (52 NY2d 268). Additionally, the court found no basis for exercising personal jurisdiction pursuant to SCPA 210 (2) (b). See also Matter of Katz (81 AD2d 145, affd 55 NY2d 904), in which the court held there was no in personam jurisdiction of a nondomiciliary joint tenant of a California bank account which the estate’s executor attempted to bring in to the assets of the estate through a proceeding under SCPA 2103.
The final question raised by the petitioner is the amendment to EPTL 5-1.1, which changed subdivision (d) (8) of that section to provide that "[t]he decedent’s estate shall include all property of the decedent, wherever situated.” (See, L 1986, ch 246, § 1 [eff Sept. 29, 1986].) This change was recommended by the Law Revision Commission to eliminate the statutory restriction previously found in EPTL 5-1.1 expressly prohibiting application of New York’s right of election to out-of-State real property held by the decedent. This circumstance was the case of Matter of Economides (126 Misc 2d 879), where New Jersey property actually owned by the decedent at the time of her death was specifically devised to her daughter, and was held to be unreachable as a testamentary substitute under *296 then current law by Surrogate Roth. The legislation enacting the amendment provided, however, that "this act shall not impair or defeat any rights which have accrued under dispositions or appointments in effect prior to its effective date.” (L 1986, ch 246, § 2.) The effective date as previously noted was September 29, 1986. The transfers here under contention all took place in 1984, some three years prior to the death of the decedent, and therefore are not affected by this legislation. Additionally, although there are no reported precedents making the distinction, this amendment is found under the general provisions of EPTL 5-1.1, and very well may not be relevant to testamentary substitutes which as previously noted are not "estate property”; particularly in the case of gifts causa mortis which did not belong to the decedent at his death. Again it is important to emphasize that testamentary substitutes, although open to attack provided proper jurisdiction is obtained, are items by which the elective share is measured and do not constitute a part of the decedent’s estate for administrative purposes.
Therefore upon the facts and the law, this proceeding is dismissed, without costs, against Tapón Roy, Sunanda McGarvey, Subir Roy, Joya Roy, Maya Roy, Anjoli Roy, and even though she did not specifically appear in this proceeding, the estate of Bani Roy.