In the Matter of the Estate of Prabir Roy, Deceased. Indumati Roy, Appellant; Tapon Roy et al., Respondents.

Third Department, May 16, 1991

APPEARANCES OF COUNSEL

*Chernin & Gold (Richard N. Matties* of counsel), for appellant.

*Leasure, Gow & Munk, P. C. (Joe B. Munk* of counsel), for respondents.

## OPINION OF THE COURT

HARVEY, J.

Prabir Roy (hereinafter decedent) died on December 15, 1986 in Broome County and was survived by petitioner, his wife. Decedent was not survived by any children. Under the terms of decedent's will, one half of the residuary estate passed to one of decedent's brothers, respondent Tapon Roy; one fourth of the residuary estate passed to decedent's sister, respondent Sunanda McGarvey (formerly known as Sunanda Fusco); and the remaining one fourth of the residuary estate passed to decedent's three nieces, respondents Joya Roy, Maya Roy and Anjoli Roy. No provision was made for petitioner in the will. Therefore, petitioner timely filed a notice of election pursuant to EPTL 5-1.1. Petitioner subsequently commenced this proceeding pursuant to SCPA 1421 to determine the validity of the election. Petitioner alleged that decedent had transferred sums of money to certain named members of his family prior to his death, that these transfers were gifts *causa mortis* and were thus testamentary substitutes required to be included as part of the estate for purposes of computing petitioner's right of election pursuant to EPTL 5-1.1 (b) (1) (A).

Respondent Subir Roy, decedent's other brother, Tapon Roy and Sunanda McGarvey answered, as did decedent's nieces through their guardian ad litem, by asserting the affirmative defense of lack of personal jurisdiction, as they were nondomiciliaries. Surrogate's Court dismissed the petition after finding that the court did not have personal jurisdiction (147 Misc 2d 292).*

In our view, Surrogate's Court correctly rejected petitioner's contention that personal jurisdiction existed against respondents pursuant to CPLR 302 and SCPA 210 (2) based upon the mere fact that certain of the respondents (not all) are named beneficiaries under decedent's will and they have not timely renounced their dispositions. Contrary to petitioner's arguments, merely being named in someone's will does not, standing alone, mean that an individual has transacted business within the State under CPLR 302 (a) (1). As for SCPA 210 (2) (a) or (b), personal jurisdiction was not obtained pursuant to this statute since there was not, under these circumstances, an act or omission by respondents within the State or the receipt and acceptance of property as part of the administration of the estate.

Further, with respect to the majority of the alleged testamentary substitutes located out of State, petitioner's reliance on SCPA 1421 (5), which provides that the court "shall fix the liability of any person" who has possession of property required to be included in the net estate under EPTL 5-1.1, is misplaced. While SCPA 1421 is the procedural vehicle under which to determine rights under EPTL 5-1.1, that statute is related to subject matter jurisdiction and both SCPA 1421 and EPTL 5-1.1 must be subject to the requirements of personal jurisdiction. In the absence of some substantive ties to New York on respondents' part connected to petitioner's claim (see, Matter of Bruno, 126 AD2d 845, 846, lv denied 69 NY2d 610), we find no personal jurisdiction established with respect to the alleged testamentary substitutes.

Although petitioner has failed to establish sufficient contacts between decedent's cash gifts to respondents and New York so that personal jurisdiction could be asserted against them, it should be noted that decedent established two joint bank accounts in the name of his sister, McGarvey; one in

---

* The petition was also dismissed against the estate of Bani Roy, decedent's mother, although the estate did not specifically appear in the instant proceeding.

California with an approximate balance on the date of death of $23,700, and one in the First Federal Savings and Loan in New York with a balance on the date of death of approximately $2,600. Surrogate's Court rejected petitioner's attempt to assert jurisdiction against McGarvey based upon these accounts. Nevertheless, while it is true that there was no personal jurisdiction over McGarvey with respect to the joint bank account in California *(see, supra,* 126 AD2d, at 846-847; *see also, Matter of Katz,* 81 AD2d 145, 149, *affd* 55 NY2d 904), the same cannot be said with respect to the bank account maintained in this State. Clearly, the retention of the joint funds in a bank in New York is an act performed within the State for purposes of SCPA 210 (2) (a) *(see, Matter of Cooke,* 112 Misc 2d 167, 170). It is well settled that one can engage in activity in the State without actually entering it *(supra,* at 170, citing *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13). Accordingly, we find that petitioner has established jurisdiction against McGarvey to the limited extent we have stated.

WEISS, J. P., YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Amended order modified, on the law, without costs, by reversing so much thereof as dismissed the petition as to respondent Sunanda McGarvey; matter remitted to the Surrogate's Court of Broome County for further proceedings as to said respondent not inconsistent with this court's decision; and, as so modified, affirmed.