■ WILLIAM P. PINNA, Respondent, v STEVE DAVIS, Appellant.—In an action to enforce a North Carolina judgment awarding plaintiff damages for breach of contract, defendant appeals from an order of the Supreme Court, Westchester County, entered May 1, 1978, which denied his motion to dismiss the complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed. The North Carolina judgment is void because defendant's contacts with North Carolina were not sufficient to subject him to in personam jurisdiction in that State (see *International Shoe Co. v Washington,* 326 US 310, 316). Defendant, a citizen and resident of New York, placed an advertisement in the December 1, 1975 issue of *Shotgun News,* offering his 1902 Luger Carbine for sale. Plaintiff, a citizen and resident of North Carolina, responding to that advertisement, telephoned New York and agreed to purchase the gun from defendant. Plaintiff sent a check to defendant in New York for $3,510 to cover the purchase price plus shipping costs, and defendant mailed the gun to North Carolina. After examining the gun in North Carolina, plaintiff claimed it was defective and commenced an action for breach of contract in Wake County, North Carolina. A default judgment was subsequently en-

tered in the District Court Division of the General Court of Justice, Wake County, North Carolina. Defendant's contacts with North Carolina, consisting of the sale and shipment of a single item of merchandise to plaintiff in North Carolina, were so insubstantial that maintenance of the suit in that State did not comport with the requirements of due process (see *Erlanger Mills v Cohoes Fibre Mills,* 239 F2d 502; *Golden Belt Mfg. Co. v Janler Plastic Mold Corp.,* 281 F Supp 368, affd 391 F2d 266; *McKee Elec. Co. v Rauland-Borg Corp.,* 20 NY2d 377, 381-382; cf. *Hardy v Pioneer Parachute Co.,* 531 F2d 193). Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.