■ In the Matter of the Estate of AMBROSE CASEY, Deceased. FRANCIS X. McCORMACK, as Executor of AMBROSE CASEY, Deceased, Respondent; ALICE BOLTE, Appellant.—In a proceeding for the settlement of the voluntary account of Francis X. McCormack, as executor of the estate of Ambrose Casey, the respondent Alice Bolte, a beneficiary of the estate, appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated September 1, 1987, which denied her motion to dismiss that branch of the petition which sought a decree directing her to return to the petitioner funds which were allegedly distributed to her in error.

Ordered that the order is affirmed, with costs payable by the appellant individually.

The petitioner alleges that he erroneously distributed certain moneys from the decedent's estate to the respondent as the sole legatee under the decedent's will. The respondent, a

nondomiciliary of New York, claims to have no nexus with the State beyond her passive receipt of the distributions and therefore contends that the court lacked a sufficient basis upon which to assert personal jurisdiction over her. We disagree.

By receiving and accepting the funds from an estate subject to the court's jurisdiction which were mistakenly distributed to her as part of the administration of the decedent's estate, the respondent effectively submitted to the jurisdiction of the Surrogate's Court for the purpose of the instant proceeding to recover those moneys (see, SCPA 210 [2] [b]). Moreover, evidence indicating that the respondent, in addition to receiving and accepting such funds, engaged in substantial communications with the petitioner regarding the moneys and apparently actively solicited a distribution from the petitioner in order to facilitate a real estate transaction ensures that the exercise of jurisdiction herein does not offend due process, as the respondent affirmatively invoked the benefits and protections of the laws of this State and could reasonably anticipate being haled into court here (see generally, Burger King Corp. v Rudzewicz, 471 US 462; Kreutter v McFadden Oil Corp., 71 NY2d 460).

We have considered the respondent's remaining contentions and find them to be without merit (see, SCPA 201 [3]; Matter of Kummer, 93 AD2d 135). Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.