*473 OPINION OF THE COURT
Howard A. Ruditzky, J.
BACKGROUND
The underlying action is one to recover a total of $6,992 allegedly erroneously overpaid by the plaintiff Independence Savings Bank in 1985 to the defendants herein. These defendants were distributees of an estate pursuant to a final decree dated December 2, 1985. The five answering defendants, Betty Freed, Donald D. Sternberg (sued herein as Donald D. Stein-berg), Robert M. Sternberg (sued herein as Robert M. Stein-berg), Marion Feinstein and Rhoda Fox, are, and at all times were, nonresidents of the City of New York.
The action was commenced by service of a summons and endorsed complaint in July of 1990, in Civil Court, County of Kings. Defendants served their answer in August of 1990, in which they set forth, inter alla, the affirmative defense of "statute of limitations” (in a one-line statement), and lack of personal jurisdiction. By notice of motion dated March 3, 1992, the answering defendants move, in Civil Court, County of Kings, for an order dismissing the above-mentioned complaint solely for lack of personal jurisdiction.
According to these defendants, there exist insufficient contacts with the City of New York to invoke long-arm jurisdiction pursuant to CCA 404 (a). Plaintiff, by affirmation in opposition, contends that since there are no cases under CCA 404 holding that distributees under a will, without more, are subject to New York City Civil Court’s long-arm jurisdiction, this court should superimpose the SCPA upon CCA 404. Plaintiff proposes that the CCA 404 and CPLR 302 "transaction of business test” be the same as the SCPA 210 (2) (b) broader "transaction of business test.” (SCPA 210 [2] [b] specifically considers a receipt of estate assets as a transaction of business within the State.) After reviewing the documents submitted, the court disagrees with plaintiffs analysis.
DISCUSSION OF THE LAW
Plaintiff has asked this court to apply SCPA 210 (2) (b) to an action brought in Civil Court pursuant to CCA 404. No authority for such an application has been presented by plaintiff and the express statutory language of the SCPA limits the jurisdiction of the Surrogate’s Court to proceedings in the Surrogate’s Court. Here, plaintiff chose the Civil Court as the *474 forum in which to bring its action, and subsequent motions, yet wishes Surrogate’s Court provisions to apply.
The SCPA, by intentional and deliberate design of the Legislature, is much broader in scope than CCA 404 or CPLR 302. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 210 [2] [a], at 291.) Therefore, this court declines, on the papers submitted herein, to apply SCPA standards to CCA 404. Had the Legislature intended the Civil Court of the City of New York to have the same expanded jurisdictional powers as the Surrogate’s Court, it would have enacted similar or identical specific provisions. It did not.
Plaintiff relies on Matter of Casey (145 AD2d 632 [2d Dept 1988]) as authority for its contention that the recipients of an estate’s assets subject themselves to the jurisdiction of the Civil Court.
However, the facts in Casey (supra) are inapplicable here. Casey concerned a Surrogate’s Court proceeding for settlement of an account. The beneficiary’s motion to dismiss for lack of personal jurisdiction was denied by the Surrogate’s Court (Bloom, S.). On appeal, the Appellate Division affirmed and held that the estate beneficiary, by receiving and accepting funds from an estate subject to Surrogate’s Court’s jurisdiction, had effectively submitted to the jurisdiction of that court in the then -pending action. Moreover, the court in Casey (at 633) found: "evidence indicating that the respondent, in addition to receiving and accepting such funds, engaged in substantial communications with the petitioner regarding the moneys and apparently actively solicited a distribution from the petitioner in order to facilitate a real estate transaction”. The Appellate Division went on to say in Casey (at 633) that: "the exercise of jurisdiction herein does not offend due process, as the respondent affirmatively invoked the benefits and protections of the laws of this State and could reasonably anticipate being haled into court here”.
Clearly, Casey is distinguishable from the instant proceeding. Here, there existed no such anticipation of being "haled into [a New York] court”. (Matter of Casey, supra, at 633.) These defendants had not deliberately invoked the benefits and protections of the laws of this State, nor has any evidence been presented that they actively solicited a distribution from the estate or engaged in any communications with the plaintiff. Upon the papers submitted herewith, the answering defendants were each merely a fortuitous recipient, in 1985, of *475 approximately $870 from the estate of a deceased New York State relative. Casey dealt with a pending Surrogate’s Court proceeding. The action herein is not based upon a pending Surrogate’s Court proceeding — plaintiff brought the action in Civil Court; the Surrogate’s Court does not have subject matter jurisdiction and plaintiff cannot obtain personal jurisdiction over these foreign defendants by relying on the SCPA.
Therefore, since the broad interpretation of SCPA 210 cannot, in the instant matter, be superimposed upon CCA 404, the only remaining issue is whether being named a distributee constitutes a "contact” sufficient to establish a "transaction of business” within New York City under the more limited standard of CCA 404.
CCA 404 is the Civil Court’s "longarm” statute — a version of CPLR 302 tailored to fit the limited jurisdiction of the Civil Court. It is predicated upon the premise that the transaction being sued upon arose within New York City. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, part 3, CCA 404, at 132.)
The case law interpreting CPLR 302, and to a lesser degree CCA 404, is voluminous. Almost every case is a "sui generis” inquiry into whether or not the acts performed by the defendant constituted the "contacts” needed to invoke long-arm jurisdiction.
Most of these long-arm cases are based to some extent upon the seminal Supreme Court case of Hansen v Denckla (357 US 235), which in 1958 held Florida courts lacked jurisdiction over an action involving a trust, since the trust situs was in Delaware and the Delaware trustee had not had the "minimal contacts” with Florida requisite to an exercise of power over him. (Supra, at 251.)
It has consistently been held thereafter that some minimum contact, some notion of consent and intent and physical presence must exist; some substantial activity which correlates with a purpose to engage in some business or activity. (Home Crafts v Gramercy Homes, 41 Misc 2d 591 [1964]; see also, McGee v International Life Ins. Co., 355 US 220; Pinna v Davis, 67 AD2d 967 [2d Dept 1979].)
In the instant motion, plaintiff has failed to demonstrate these minimum contacts required under CCA 404. Therefore, defendants’ motion to dismiss the complaint as against the moving defendants is granted for lack of personal jurisdiction.