# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**595**

**CA 16-02026**

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF LAURENCE R. GOODYEAR, DECEASED.
--------------------------------------------------
DANIEL M. GOODYEAR AND WENDY GRISWOLD,
PETITIONERS-RESPONDENTS,

                                           MEMORANDUM AND ORDER

                V

FREDERICK YOUNG, BEVERLY H. YOUNG, JOHN F.
YOUNG, JAMES R. YOUNG, JEFFREY K. YOUNG, F.J.
YOUNG COMPANY, JKLM ENERGY, LLC, AND SWEPI, LP,
RESPONDENTS-APPELLANTS.

---

MEYER UNKOVIC & SCOTT LLP, PITTSBURGH, PENNSYLVANIA (DAVID G.
OBERDICK, OF THE PENNSYLVANIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL),
LECLAIR RYAN, ROCHESTER (ANDREW P. ZAPPIA OF COUNSEL), AND WOODS
OVIATT GILMAN LLP, BUFFALO, FOR RESPONDENTS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (KEVIN M. KEARNEY OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

---

    Appeal from an order of the Surrogate's Court, Erie County
(Barbara Howe, S.), entered August 2, 2016.  The order, among other
things, denied respondents' motion to dismiss the proceeding.

    It is hereby ORDERED that said appeal by respondent SWEPI, LP is
unanimously dismissed and the order is affirmed without costs.

    Memorandum:  Petitioners, decedent's children, were issued
letters of administration CTA in order to commence this construction
proceeding with respect to a provision in decedent's last will and
testament that gave "all of [his] interest in any mineral rights in
Pennsylvania or elsewhere to the King Partnership," of which
petitioners are members.  It is undisputed that subsurface rights
owned by decedent in several properties in Pennsylvania were sold at a
tax sale in 1994 to respondent Frederick Young (hereafter, Young),
before decedent's death in 1995.  Following decedent's death, at
Young's request and with the understanding based upon Young's
assertion that he purchased "all the properties assessed to
[decedent]," the executors issued a quit claim deed "covering all oil,
gas and mineral properties belonging to the Estate."  In this
proceeding, petitioners seek a determination that the quit claim deed
transferred oil and gas interests that had not been transferred to
Young in the tax sale, and that those interests had vested in the King
Partnership at the time of decedent's death.  Based upon Young's

motion to dismiss the petition for failure to name necessary parties, Surrogate's Court determined that Young's wife, respondent Beverly H. Young, and their children, respondents John F. Young, James R. Young and Jeffrey K. Young (collectively, Young respondents), and certain corporate and partnership entities were necessary parties to the proceeding. It is undisputed that the quit claim deed transferred the interests to Young and his wife, who thereafter transferred their interests to their three sons. Following the filing of an amended petition naming the additional parties, all of which are nondomiciliaries, the Young respondents and respondents F.J. Young Company and JKLM Energy, LLC (Young partnerships), which are managed by certain of the Young respondents, moved to dismiss the petition for lack of subject matter jurisdiction and personal jurisdiction. Those respondents have abandoned on appeal any contention that the Surrogate lacked subject matter jurisdiction (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984), and thus we address only the issue of personal jurisdiction. We note at the outset that respondent SWEPI, LP joined in the motion only with respect to subject matter jurisdiction, which is not at issue on appeal, and thus we dismiss the appeal of that respondent.

With respect to the Young respondents, we conclude that the Surrogate properly determined that, because each of those respondents was in receipt of property interests conveyed by the estate, the Surrogate had personal jurisdiction over them pursuant to SCPA 210 (2) (b) (*see Matter of Casey*, 145 AD2d 632, 633; *Matter of Schreiter*, 169 Misc 2d 706, 711 [Sur Ct, NY County 1996]). Although the Surrogate did not explicitly address whether the exercise of personal jurisdiction over the Young respondents " 'offend[s] traditional notions of fair play and substantial justice' " (*Rushaid v Pictet & Cie*, 28 NY3d 316, 330-331, *rearg denied* 28 NY3d 1161; *see generally Casey*, 145 AD2d at 633; *Schreiter*, 169 Misc 2d at 711), we conclude that it does not (*see Rushaid*, 28 NY3d at 331). Even assuming, arguendo, that the court lacks personal jurisdiction over the Young partnerships and thus that jurisdiction can be obtained only by their consent or appearance, we nevertheless conclude that dismissal of the petition is not warranted (*see generally* CPLR 1001 [b]). We will "not permit the . . . voluntary absence [of the Young partnerships] to deprive these [petitioners]" of the determination sought herein (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 820-821, *cert denied* 540 US 1017).

Entered: April 28, 2017                          Frances E. Cafarell
                                                 Clerk of the Court