Appeal from an order of the Surrogate’s Court, Erie County (Barbara Howe, S.), entered August 2, 2016. The order, among other things, denied respondents’ motion to dismiss the proceeding.
It is hereby ordered that said appeal by respondent SWEPI, LP is unanimously dismissed and the order is affirmed without costs.
Memorandum: Petitioners, decedent’s children, were issued letters of administration CTA in order to commence this construction proceeding with respect to a provision in decedent’s last will and testament that gave “all of [his] interest in any mineral rights in Pennsylvania or elsewhere to the King Partnership,” of which petitioners are members. It is undisputed that subsurface rights owned by decedent in several properties in Pennsylvania were sold at a tax sale in 1994 to respondent Frederick Young (hereafter, Young), before decedent’s death in 1995. Following decedent’s death, at Young’s request and with the understanding based upon Young’s assertion that he purchased “all the properties assessed to [decedent],” the executors issued a quit claim deed “covering all oil, gas and mineral properties belonging to the Estate.” In this proceeding, petitioners seek a determination that the quit claim *1602 deed transferred oil and gas interests that had not been transferred to Young in the tax sale, and that those interests had vested in the King Partnership at the time of decedent’s death. Based upon Young’s motion to dismiss the petition for failure to name necessary parties, Surrogate’s Court determined that Young’s wife, respondent Beverly H. Young, and their children, respondents John F. Young, James R. Young and Jeffrey K. Young (collectively, Young respondents), and certain corporate and partnership entities were necessary parties to the proceeding. It is undisputed that the quit claim deed transferred the interests to Young and his wife, who thereafter transferred their interests to their three sons. Following the filing of an amended petition naming the additional parties, all of which are nondomiciliaries, the Young respondents and respondents F.J. Young Company and JKLM Energy, LLC (Young partnerships), which are managed by certain of the Young respondents, moved to dismiss the petition for lack of subject matter jurisdiction and personal jurisdiction. Those respondents have abandoned on appear any contention that the Surrogate lacked subject matter jurisdiction (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]), and thus we address only the issue of personal jurisdiction. We note at the outset that respondent SWEPI, LP joined in the motion only with respect to subject matter jurisdiction, which is not at issue on appeal, and thus we dismiss the appeal of that respondent.
With respect to the Young respondents, we conclude that the Surrogate properly determined that, because each of those respondents was in receipt of property interests conveyed by the estate, the Surrogate had personal jurisdiction over them pursuant to SCPA 210 (2) (b) (see Matter of Casey, 145 AD2d 632, 633 [1988]; Matter of Schreiter, 169 Misc 2d 706, 711 [Sur Ct, NY County 1996]). Although the Surrogate did not explicitly address whether the exercise of personal jurisdiction over the Young respondents “ ‘offend [s] traditional notions of fair play and substantial justice’ ” (Rushaid v Pictet & Cie, 28 NY3d 316, 330-331 [2016], rearg denied 28 NY3d 1161 [2017]; see generally Casey, 145 AD2d at 633; Schreiter, 169 Misc 2d at 711), we conclude that it does not (see Rushaid, 28 NY3d at 331). Even assuming, arguendo, that the court lacks personal jurisdiction over the Young partnerships and thus that jurisdiction can be obtained only by their consent or appearance, we nevertheless conclude that dismissal of the petition is not warranted (see generally CPLR 1001 [b]). We will “not permit the . . . voluntary absence [of the Young partnerships] to deprive these [petitioners]” of the determination sought herein *1603 (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 820-821 [2003], cert denied 540 US 1017 [2003]).
Present — Centra, J.P., Lindley, DeJoseph, NeMoyer and Scudder, JJ.